# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| In re JEFFERSON LA BREA D&J PROPERTIES, LLC, <br>       Debtor. | 2:24-cv-10963-DSF <br><br> Bk. No. 2:22-bk-14481-VZ <br><br> OPINION |

    Appellant Tony Lewis appeals from the order of the bankruptcy court authorizing the sale of certain real property of the bankruptcy estate pursuant to 11 U.S.C. § 363.

    Debtor-in-Possession Jefferson La Brea D&J Properties, LLC is the owner of several adjoining parcels located near the intersection of West Jefferson Blvd. and South La Brea Avenue in Los Angeles (the Property). These parcels and their associated rental income are effectively the sole property of the estate. Debtor is an LLC with at least one member, Jason Upchurch as Administrator of the Estate of Darlene Upchurch-Friedman. It is undisputed that Lewis was at one point a member of the Debtor LLC. It is also undisputed that in 2014 Lewis and Darlene Upchurch-Friedman executed an agreement in which Lewis purported to sell his interest in the LLC to Upchurch-Friedman. See ER 0320-0324. Lewis now claims that this 2014 purchase agreement was either always knowingly a sham between

Lewis and Upchurch-Friedman or, alternatively, was rescinded in 2015.[1]  ER 0271; ER 0326.

In 2021, Lewis filed a complaint against the Debtor and Jason Upchurch in California state court seeking, among other things, a declaration that he is a member of the Debtor LLC.  The case remains pending.

In August 2022, Mega Bank began foreclosure proceedings to protect its first priority lien on the Property.  An attempt at refinancing the Mega Bank loan failed, allegedly due to Lewis's lack of cooperation.  In response to the failure to refinance, Jason Upchurch filed a Chapter 11 bankruptcy petition on behalf of the Debtor.

During the pendency of the bankruptcy case, Lewis has occupied parts of the Property, invited others to occupy the Property, and allegedly obstructed attempts to sell the Property.  The bankruptcy court has found Lewis in contempt of its orders three times and recommended criminal contempt sanctions against Lewis.

Eventually a buyer was found for the Property and the bankruptcy court approved the sale over the objection of Lewis.  This appeal followed.

Most of Lewis's objections have to do with the ownership and control of the LLC.  Lewis argues that the sale should not have been approved because such a decision by the Debtor – who is a debtor-in-possession – must be approved by Lewis under the LLC Operating Agreement, ER 0277-0313.  On similar grounds, Lewis claims that the filing of the bankruptcy petition was improper because Jason Upchurch, as a single member of the LLC, did not have the authority to file the petition unilaterally without Lewis's consent.

---

[1] Lewis claims that he signed the allegedly sham 2014 purchase agreement in order to mislead creditor Mega Bank during a refinancing of the Debtor's property.  See ER 0271-0273.

Even assuming that Lewis's interpretation of the LLC Operating Agreement is correct, his objections to the sale are not persuasive. Lewis never moved to dismiss the bankruptcy case based on Upchurch's purported lack of authority.[2] Once the petition was before the bankruptcy court, the bankruptcy court had to recognize a manager for the Debtor. There is no dispute that Jason Upchurch is a member of the Debtor LLC, while the available evidence in the record strongly suggests that Lewis is not.[3] And while Lewis is trying, in state court, to establish his rights in the LLC, the bankruptcy court had to recognize someone with authority over the LLC and reasonably chose Upchurch's certain membership over Lewis's unproven claim. The bankruptcy court made clear numerous times that it recognized Upchurch as the sole authority for management of the Debtor, and this is the foundation for several rulings, including the multiple contempt findings. While Lewis filed notices of appeal, he did not actually prosecute any appeal of those rulings.

In addition, Lewis's overt contempt for the bankruptcy proceedings and his disregard for the value of the estate made it reasonable for the bankruptcy judge to exclude Lewis from management of the Debtor. It is abundantly clear from the record that it was very unlikely that Lewis would use any control he might have over the Debtor in a way that would benefit the bankruptcy estate.

Given that the bankruptcy court had previously treated Upchurch as the sole authority for the Debtor throughout the pendency of the bankruptcy proceedings, Lewis provides no justification for

---

[2] Lewis filed a motion to dismiss for cause, but did not argue that Upchurch exceeded his authority or that Lewis was required to consent to the filing. See Suppl.ER 007-073.

[3] On the face of the relevant documents, Lewis would have had six months to rescind the sale of his interest. ER 0321 (¶5). The sale took place on May 15, 2014. ER 0320. Lewis's notice of intent to rescind was sent on May 7, 2015, long after the six-month period had expired. ER 0326. Lewis's counterarguments regarding this apparent untimeliness appear to be largely or entirely based on his own testimony about the transactions.

denying the motion for sale of property because Lewis alleged that he has a membership interest in the Debtor. The question of who has the proper authority over the decisions of the Debtor is a separate issue from a sale of property under 11 U.S.C. § 363. Lewis never directly placed the former question before the bankruptcy court – *e.g.*, by moving to dismiss based on a lack of Upchurch's authority or by moving to have himself recognized as a manager of the Debtor – nor did Lewis move for appointment of a trustee given the dispute over the Debtor's ownership.

Lewis also argues that the Property was "subject to an ownership dispute" and should not have been ordered to be sold. This is not an accurate characterization of the Property's status. Lewis does not dispute that the Property is the property of the Debtor LLC. The dispute is over the ownership of the LLC, not ownership of the Property. Any net proceeds from sale of the Property will remain property of the Debtor in which Lewis may or may not have an interest.

Lewis argues that the sale was not in good faith, but he provides no basis for this argument other than that the sale is for less than half of the Property's valuation in the Debtor's earlier filings. Whatever the Debtor's original claims about the Property's value might have been, there is nothing in the record that leads the Court to question the bankruptcy court's finding that the sale was in good faith.

Finally, Lewis argues that because the Property constitutes all or substantially all of the assets of the Debtor, sale of the Property amounts to a "de facto" or "sub rosa" Chapter 11 reorganization plan. This is not the case because such a reorganization plan would include

4

provisions for the *distribution* of the remaining assets of the Debtor, which the sale at issue does not, and does not purport, to do.

The order of the bankruptcy court is AFFIRMED.

Date: May 30, 2025

*Dale S. Fischer*
Dale S. Fischer
United States District Judge